IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

TONY MADDOX AND KATHY MADDOX                                              PLAINTIFFS

V.                                                           CIVIL ACTION NO. 1:07CV206-B-D

TOWNSEND & SONS, INC., D/B/A
SUNFLOWER STORE                                                             DEFENDANT

CASH DISTRIBUTING AN D
ZURICH AMERICAN INSURANCE COMPANY                                        INTERVENORS

## MEMORANDUM OPINION

This cause comes before the court upon the defendant's motion for summary judgment. Upon due consideration of the motion, response, exhibits, and supporting and opposing authority, the court is ready to rule.

Factual and Procedural Background

This case arises from an accident that occurred on the property of the defendant, Townsend & Sons, Inc., d/b/a Sunflower Store ("Sunflower"), when the plaintiff, Tony Maddox, a beer deliveryman, either leaned or sat on a chain hanging across the back of a loading dock. The chain gave way under the plaintiff's weight, and he fell approximately five feet from the loading dock to the ground. As a result, the plaintiff filed this premises liability lawsuit against Sunflower on August 23, 2007.

The surface of the loading dock at issue is eight feet long, twelve feet wide, and, as mentioned, elevated approximately five feet from the ground. It is covered by an awning held up by two metal poles. A metal chain drapes between the two poles at the edge of the loading dock, and the sole purpose of the chain is to prevent persons from backing off the edge of the dock.

The chain can be removed by unhooking an S-shaped hook that attaches the chain to one of the metal poles.

The plaintiff's accident occurred when the S-shaped hook gave way and released the chain from the pole. The plaintiff asserts that Sunflower was negligent in not keeping the premises in a reasonably safe condition, in failing to provide adequate safety devices for business invitees using the premises, and in failing to place warning signs cautioning the plaintiff of the dangers present. The defendant moves for summary judgment on all claims.

Standard of Review

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). If the movant makes such a showing, the burden then shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324, 106 S. Ct. at 2553, 91 L. Ed. 2d at 274 (quoting Fed. R. Civ. P. 56(c), 56(e)). Before finding that no genuine issue for trial exists, the court must first be satisfied that no rational trier of fact could find for the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 552 (1986).

Analysis

The law regarding a landowner's duties to invitees is well-settled in Mississippi:

> There is no duty to warn of a defect or danger that is as well known to the invitee as to the landowner, or of dangers that are known to the invitee, or dangers that are obvious or should be obvious to the invitee in the exercise of ordinary care. *Grammar v. Dollar*, 911 So. 2d 619, 624 (Miss. App. 2005). Additionally, the owner of a business does not insure the safety of its patrons. Rather, the owner of a business "owes a duty to an invitee to *exercise reasonable or ordinary care to keep the premises in a reasonably safe condition or to warn of dangerous conditions not readily apparent, which the owner or occupant knows of, or should know of, in the exercise of reasonable care.*" *Robinson v. Ratliff*, 757 So. 2d 1098, 1101 (Miss. App. 2000).

*Criss v. Lipscomb Oil Co.*, No. 2006-CA-01726-COA, 2008 WL 942041, at *1 (Miss. App. Apr. 8, 2008) (Emphasis in original).

The court finds that the danger in the present case was not the chain but the height of the loading dock which was clearly visible to all on or around it. Had the chain broken on level ground, it is very unlikely that the plaintiff would have suffered any injuries at all. The presence of the chain was obviously in itself a "warning sign" to all business invitees and any other persons directing them to exercise caution near the edge of the dock. The defendant has stated that the sole purpose of the chain was to keep persons from backing off the edge of the dock. It was clearly not intended as a seat for deliverymen waiting their turn in line, nor foreseen that deliverymen would try to use a chain as a seat.

Because Sunflower did not have a duty to warn of a danger that was as well known to the invitee as to the landowner, the court finds that the defendant is entitled to judgment as a matter of law.

Conclusion

For the foregoing reasons, the court finds that the defendant's motion for summary judgment is well-taken and shall be granted. An order in accord with this opinion shall issue this day.

This, the 24th day of March, 2009. /s/ Neal Biggers

                                                            **NEAL B. BIGGERS, JR.**
                                                            **SENIOR U.S. DISTRICT JUDGE**