IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

TONY MADDOX AND KATHY MADDOX                                              PLAINTIFFS

V.                                                            CIVIL ACTION NO. 1:07CV206-B-D

TOWNSEND & SONS, INC., D/B/A
SUNFLOWER STORE                                                            DEFENDANT

CASH DISTRIBUTING AND
ZURICH AMERICAN INSURANCE COMPANY                                         INTERVENORS

**ORDER**

This cause comes before the court upon the plaintiffs' motion pursuant to Federal Rule of Civil Procedure 59 to alter or amend this court's order granting the defendant's motion for summary judgment. Upon due consideration of the motion, response, exhibits, and supporting and opposing authority, the court is ready to rule.

A district court may alter or amend a final judgment under Rule 59(e) upon one of four grounds: "(1) new evidence has become available; (2) it is necessary to correct manifest errors of law or fact upon which the judgment is based; (3) it is necessary to prevent manifest injustice; or (4) the existence of an intervening change in the controlling law." *Johnson v. Buentello*, No. 3:09cv1023-B, 2010 WL 727752, at *1 (N.D. Tex. Mar. 2, 2010) (citing *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002)). "A party may not use a Rule 59(e) motion to relitigate issues that 'should have been urged earlier or that simply have been resolved to the movant's dissatisfaction.'" *Id.* (quoting *Peterson v. Cigna Group Ins.*, No. Civ.A 99-2112, 2002 WL 1268404, at *2 (E.D. La. Jun. 5, 2002)).

The plaintiffs cite *Mayfield v. The Hairbender*, 903 So. 2d 733 (Miss. 2005), and *Wood v. RIH Acquisitions MS II, LLC*, 556 F.3d 274 (5th Cir. 2009), in further support of the arguments

that this court has previously rejected. As stated above, a Rule 59 motion is not for the purpose of rehashing arguments which the court has already found to be without merit.

The plaintiffs do, however, present an argument which the court did not specifically address in its memorandum opinion accompanying the order granting summary judgment. The court did not address the argument because the court's other findings rendered it moot. The plaintiffs argue that they should be allowed to present their case to a jury based on case law which sets forth the principle that assumption of the risk and comparative negligence issues are questions of fact. The plaintiffs rely in part on the case of *Lloyd G. Oliphant & Sons Paint Co., Inc. v. Logan*, 12 So. 3d 614, 620-21 (Miss. 2009), a case decided after this court's ruling granting summary judgment, for the proposition that "[a]ny action on the part of the plaintiff which might be characterized as an assumption of the risk should be considered by the jury in the context of comparative negligence." The *Oliphant* court explained that "[t]he defense of assumption of the risk has been abolished in Mississippi and subsumed in the comparative fault doctrine." *Id.* at 620. "In this regard, Mississippi law holds that the assumption of the risk doctrine 'merely goes to the percentage of fault attributable to the plaintiff . . . .'" *Kirkley v. Forrest County Gen. Hosp.*, 991 So. 2d 652, 660 (quoting *Donald v. Triple S Well Serv.*, 708 So. 2d 1318, 1325 (Miss. 1998)).

The plaintiffs' argument presupposes that the case at bar is a case of assumption of the risk and comparative negligence; yet, the record before the court reveals no evidence of the defendant's negligence. Assumption of the risk is a defense available to a defendant accused of negligence, and negligence must first be shown before such a defense is even necessary. Tony Maddox may have assumed the risk in leaning against the chain, but the trier of fact need not

address that issue in this case because the defendant's negligence has not been and, according to the record before the court, cannot be established. This court previously found "that the danger in the present case was not the chain but the height of the loading dock which was clearly visible to all on or around it." The court further found that the chain itself was a "warning sign" to all business invitees. Thus, assuming arguendo that the defendant did have a duty to warn of this open and obvious danger – i.e., the height of the dock – the record reflects that the defendant fulfilled that duty. Furthermore, it remains uncontested that the loading dock at issue was inspected on a number of occasions for the purpose of acquiring workers' compensation insurance and no inspector ever advised the defendant to take any different course of action with regard to the chain.

"Merely proving the occurrence of an accident within the business premises is insufficient to prove liability; rather, the plaintiff must demonstrate that the operator of the business was negligent." *Robinson v. Ratliff*, 757 So. 2d 1098 (Miss. App. 2000). The plaintiffs in the present case have directed the court to no evidence of the defendant's negligence.

For the foregoing reasons, the court finds that the plaintiffs' motion to alter or amend this court's order granting summary judgment on behalf of the defendant should be and the same is hereby **DENIED**.

**SO ORDERED AND ADJUDGED**, this, the 24th day of March, 2010.

                                             */s/ Neal Biggers*
                                             **NEAL B. BIGGERS, JR.**
                                             **SENIOR U.S. DISTRICT JUDGE**